## L. H. EDRINGTON v. J. A. BRACKEN.

**Bills and Notes — Subrogation — Purchase of Equitable Title to Note.**

A purchase of the interest of a payee in a note becomes invested with the equitable title to same and is subrogated to the rights of the payee, notwithstanding the note be taken from the payee by a void military order and delivered to the maker, and even though this be done seemingly at the instance of both maker and payee.

APPEAL FROM BALLARD CIRCUIT COURT.

June 28, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

After *Yeiser* had rendered valuable services for the appellant in the appellee's action against him for trespass the appellee dismissed the action, and the record of dismission seems to present a conclusive bar to any other suit for the same cause of action. His client having thus succeeded in the action, *Yeiser* appears to have been thereby entitled to the fee of $250 dependent on that condition.

The payment by the appellee to Yeiser of $200 for his interest in the note of $250 vested in the appellee on equitable title. And the taking of the note from *Yeiser* and delivery of it to the appellant by the void military order of General Payne did not deprive the appellee of his equity nor exonerate the appellant even though all this may have been done at the instance of both *Yeiser* and the appellant.

There might be some doubt whether Yeiser was equitably entitled to the whole amount of the note.

He would have accepted $200 from the appellant, who has not shown that he was not entitled to that much.

And, consequently, although the appellee could maintain only an equitable remedy, it seems to us that he had a right to recover from the appellant what he had paid to his use, and ought to be satisfied with a restitution of his money with legal interest thereon, as adjudged by the Circuit Court.

Wherefore, the judgment is affirmed.

*Anderson,* for Appellant.

*Bigger & Moss,* for Appellee.